# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| AMIR FATIR,<br>    Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. NO. N23C-06-026 DJB |
| MICHAEL RECORDS, AWELE<br>MADUKA-EZEH, & SUSAN<br>CONLEY,<br>        Defendants. | ) ) ) ) ) | |

## ORDER UPON REVIEW OF APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUBSEQUENT REVIEW OF COMPLAINT

This 11th day of October, 2023, having considered Plaintiff's Application to proceed *In Forma Pauperis* as well as the required review of the Complaint filed; it appears to the Court that:

1.     Amir Fatir (hereinafter "Plaintiff"), *pro se*, filed his Complaint and an accompanying Motion to Proceed *In Forma Pauperis* in this Court on June 5, 2023.[1] Plaintiff's Complaint asserts five (5) civil causes of action under 42 U.S.C. §§§ 1981, 1983 and 1985, alleging violations of his Eight and Fourteenth Amendments to the United States Constitution, Article I, § 11 of the Delaware Constitution and his alleged rights set forth in 16 *Del. C.* § 4903A under the Delaware Medical Marijuana Act ("DMMA"). Specifically, he alleges Defendants collectively violated his Eighth Amendment and Fourteenth Amendment rights under the United States Constitution (Counts 1 & 2); that Defendants violated his protections against "cruel punishments"

---

[1] D.I. 1.

under Article I, § 11 of the Delaware Constitution (Counts 3, 4 & 5). All allegations center around the refusal of Defendants, in their capacity as employees at the Delaware Department of Corrections, to provide Plaintiff medical marijuana for various ailments.

2.     Plaintiff claims that he suffers from chronic pain caused by a variety of health conditions. He has been examined and treated by prison medical staff and specialists over the years to address and treat his various ailments. Currently, Plaintiff avers he receives pharmaceutical drug treatment for his medical conditions, including chronic pain.   He alleges that he lives in a constant state of debilitating pain because the prescribed drugs and pain relievers are ineffective.

3.     Plaintiff made an official request to treat his chronic pain with medical marijuana ("Grievance #602764"), which was denied.  Plaintiff appealed, which was denied on April 3, 2023, pursuant to 16 *Del. C.* § 4904A, prohibiting the use of medical marijuana in any correctional facility.[2]   This Complaint was subsequently filed along with the application to proceed *in forma pauperis*.  Plaintiff seeks relief in the amount of $5,000,000 in punitive damages from each Defendant; injunctive relief as well as a declaratory judgment finding Plaintiff has an "equal right to the provisions of the Delaware Medical Marijuana Act, that 16 Del. C. § 4904A(a)(2)(c) is unconstitutional."[3]

4.     Under Delaware's *in forma pauperis* statute, individuals wishing to file an action must first file an affidavit conforming to 10 *Del. C.* § 8802.[4] Upon evaluation of a plaintiff's application to proceed *in forma pauperis* in consideration of the amount of fees to be paid, the Court must assess the merits of the complaint.[5]

---

[2] Pl. Compl. ¶V, p. 2 -3.
[3] Pl. Compl. ¶VII, p. 12.
[4] 10 *Del. C.* § 8802.
[5] 10 *Del. C.* § 8803.

Under Section 8803, the Court will issue a dismissal:

> (1) if the court finds the action is factually frivolous, malicious or, upon a court's finding that the action is legally frivolous and that even a *pro se* litigant, acting with due diligence, should have found well settled law disposing of the issue(s) raised. (2) Any order of dismissal shall specifically identify whether the complaint was factually frivolous, legally frivolous and/or malicious, and (3) [s]ervice of process shall not issue unless and until the court grants leave following its review.[6]

"All well-pled matters are accepted as true to determine whether ... [petitioner] can recover under any conceivable set of circumstances susceptible of proof under the complaint."[7] "If a complaint fails to state a claim upon which relief may be granted, then it is deemed legally frivolous."[8] "If the Court determines the complaint is faulty because it is legally frivolous, malicious or factually frivolous, then the Court dismisses it . . . [otherwise] it allows service of process to issue."[9]

5.      Further, Plaintiffs wishing to proceed *in forma pauperis* are mandated to file an affidavit addressing their ability to pay court costs and filing fees and a complete income disclosure in connection with their motion to proceed.[10] If the plaintiff is incarcerated, they must also include a certified inmate account statement containing "all account activity for the 6-month period immediately preceding the filing of the complaint, or for the entire time the prisoner has been incarcerated, whichever time is less."[11] Prisoners may be precluded from filing *in forma pauperis*

> [i]f . . . on three or more prior occasions, while incarcerated or detained in any facility, brought an action in a court that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon

---

[6] *Id.* § 8803(b).

[7] *Johnson v. Howard*, 1999 WL 743902, at *1 (Del. Super. Ct. Aug. 12, 1999) (internal citations omitted).

[8] *Id.*

[9] *Id.*

[10] 10 Del. C. § 8802(b).

[11] 10 Del. C. § 8804(a).

which relief may be granted, he may not proceed in forma pauperis in the future, unless he is under imminent danger of serious physical injury at the time the complaint is filed.[12]

6. As an initial matter, Plaintiff's Motion to Proceed *in forma pauperis* has failed to supply the required information listed under questions (9), (10), and (11) of his Affidavit.[13] Pursuant to question (9), Plaintiff has failed to include a Department of Correction certified statement of his inmate account activity for the 6-month period immediately preceding the filing of this Complaint.[14] Concerning question (10), which asks a litigant to identify previous cases that have been filed while incarcerated, Plaintiff failed to provide a complete and accurate response. Though Plaintiff compiled a list of cases he previously filed, [15] he failed to include at least one prior action in his attached exhibit.[16] Moreover, under question (11), Plaintiff failed to attach copies of all administrative decisions relevant to the claims at issue here.[17] As a result of this failure, the application to proceed *in forma pauperis* is **DENIED**.

7. Another issue precludes the Court's ability to grant this application. Under 10 *Del. C.* § 8804(f), if a prisoner has filed three or more cases that have been dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted, he may be barred from proceeding *in forma pauperis* unless he is under an imminent danger of serious physical injury.[18] On March 4, 2011, the Delaware

---

[12] 10 *Del. C.* § 8804(f).

[13] Application and Affidavit to Proceed In Forma Pauperis, 3-4, *Fatir v. Records*, No. N23C-06-026 DJB, Jun. 5, 2023.

[14] *Id*. at 3.

[15] *Id.* at 4.

[16] See *Fatir v. Taylor*, 663 Fed. Appx. 218 (3d. Cir. 2016).

[17] Application and Affidavit to Proceed In Forma Pauperis, *Fatir v. Records*, No. N23C-06-026 DJB, Jun. 5, 2023.

[18] 10 *Del. C.* § 8804(f).

Supreme Court affirmed a decision by the Court of Chancery dismissing *Fatir v. Niedzielski* as factually and legally frivolous and malicious.[19]  On January 10, 2019, this Court dismissed *Fatir v. Governor of State* as legally frivolous.[20] And on April 30, 2020, this Court dismissed *Fatir v. Bd. Of Pardons*, on the grounds that it was both malicious and legally frivolous.[21] Therefore, Plaintiff is barred from filing *in forma pauperis* unless he demonstrates that he is under an imminent danger of serious physical injury at the time of filing.  Upon review of the Complaint, Plaintiff fails to show that his lack of access to medical marijuana amounts to an imminent danger of serious physical injury.[22]  Therefore, even had the application been complete, it still must be **DENIED**.

7.      Notwithstanding the issues discussed above, the Court will address the merits of Plaintiff's Complaint to determine whether it is factually or legally frivolous under 10 *Del. C.* § 8803.

### *Claims Under Section 1983*

8.      Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendment of the United States Constitution by failing to prescribe him medical marijuana.  Plaintiff essentially avers a claim for deliberate indifference to a medical need.

9.      In *Estelle v. Gamble,* the United States Supreme Court declared that prison officials acting with deliberate indifference to a prisoner's serious medical

---

[19] *Fatir v. Niedzielski*, 15 A.3d 217 (Table) (Del. 2011).
[20] *Fatir v. Governor*, 2019 WL 162567 (Del. Super. Ct. Jan. 10, 2019).
[21] *Fatir v. Bd. Of Pardons*, 2020 WL 2095981 (Del. Super. Ct. Apr. 30, 2020).
[22] *Id.* (A plaintiff who makes unsubstantiated allegations regarding their preferred treatment represents a simply disagreement over medical care and thus "fails to adequately allege the imminent possibility of serious physical injury required for proceeding under Section 8804 in forma pauperis.").

need constitutes cruel and unusual punishment under the Eighth amendment and established a civil cause of action under 42 U.S.C § 1983.[23] In order to allege a cognizable claim of deliberate indifference, an inmate must show, (1) a serious medical need and (2) acts or omissions by prison officials that indicate "deliberate indifference" to that need. [24] Deliberate indifference occurs when a prison official "knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm."[25] If reasonable treatment is being provided an inmate may not claim deliberate indifference because they were unable to select a specific type of medical treatment.[26] Furthermore, prison healthcare personnel have discretion in providing inmates with medical care as long as it is reasonable.[27] Accordingly, an inmate has no right to choose a specific type of medical treatment.[28]

10.    Plaintiff's deliberate indifference claim stems from Defendants' refusal to prescribe him medical marijuana. When applying the test under *Estelle*, Plaintiff fails to satisfy the second prong because he fails to state a claim that demonstrates acts or omissions by Defendants that indicate a deliberate indifference to his medical needs.[29] Furthermore, Plaintiff's Complaint sets forth that he has received specialized medical treatment for his various conditions for many years.[30] The United States District Court for the District of Delaware has explained, "[a]n inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of

---

[23] *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).
[24] *Deputy v. Conlon*, 2010 WL 4056147, at *2 (Del. Super. Ct. Sept. 23, 2010).
[25] *Id.*
[26] *Id.*
[27] *Id.* at *3.
[28] *Id.*
[29] D.I.
[30] D.I. 2.

diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf."[31] It is well settled that disagreements over treatment are not the same as deliberate indifference, and as such, similar claims under § 1983 action are not viable.

11.    Although Plaintiff avers that he has a serious medical need, he cannot, under these facts, make any showing of Defendants' deliberate indifference to that need. This Court has already determined that a plaintiff's dissatisfaction with the medical care provided by prison healthcare personnel is insufficient to state a claim for deliberate indifference.[32] Therefore, Plaintiff fails to state a valid constitutional claim under the Eighth Amendment.

12.    Plaintiff's Fourteenth Amendment claim fairs no better.  Plaintiff alleges that Defendants violated his equal protection rights by denying him access to medical marijuana, which is a form of treatment available to other Delaware residents. He appears to argue Defendants are unconstitutionally prohibiting a person's right to access medical marijuana based on their incarceration status. While the equal protection clause of the Fourteenth Amendment prohibits arbitrary distinctions amongst citizens that are of no legitimate governmental interest it "does not deny a state the power to treat different classes of people in different ways as long as the classification is reasonable."[33] Here, the governmental interest in prohibiting prisoners from accessing medical marijuana while incarcerated is both legitimate and reasonable.

---

[31] *Blackston v. Correctional Medical Services, Inc.*, 499 F.Supp. 2d 601, 605 (D. Del. 2007).

[32] *Price v. Centurion of Delaware, LLC*, 2022 WL 16945692, at *4 (Del. Super. Ct. Nov. 15, 2022).

[33] *State v. Brothers*, 384 A.2d 402, 404 (Del. Super. Ct. 1978) (citing *Eisenstadt v. Baird*, 405 U.S. 438, 92 (1972)).

### Claims Under Section 1981 and Section 1985

13.     Plaintiff alleges Defendants violated 42 U.S.C. §§ 1981, 1985 and his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  Because Plaintiff's complaint does not include an allegation of intentional discrimination against a member of a protected class as the basis of the allegation, the claim under 42 U.S.C. § 1981 necessarily fails.[34]

14.     Similarly, Plaintiff's 42 U.S.C. § 1985 claim also must fail. An adequate claim under 42 U.S.C. § 1985 requires a plaintiff to allege a conspiracy between two or more individuals that is motivated by racial animus.[35] The United States Supreme Court has held that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."[36]

15.     Because Plaintiff has failed to allege that the individual Defendant's conspired against him because of his race, or engaged in any conspiratorial conduct directed towards him that was racially motivated, the claims alleged under §§ 1981 and 1985 violations are without merit and fail as a matter of law.

### Claims under Article I, § 11 of the Delaware Constitution

16.     Plaintiff further alleges Defendants violated Article I, § 11 of the Delaware Constitution in denying him access to medical marijuana. Section 11

---

[34] *Tekstrom, Inc. v. Savla,* 2006 WL 2338050 (Del. Super. Ct.) aff'd, 918 A.2d 1171 (Del.2007) ("A complaint that adequately alleges a violation of 42 U.S.C. § 1981 will state the plaintiff is a member of a protected class, such as his race, the defendant intended to discriminate against plaintiff based on his race, and the discrimination interfered with the activity provided in § 1981.").

[35] *Malachi v. Sosa,* 2011 WL 2178626, at *3 (Del. Super. Ct. May 25, 2011).

[36] *Id.*

provides "in the construction of jails a proper regard shall be had to the health of prisoners . . ."[37] This Court has addressed a similar Article I, § 11 claim in *State v. Kelson*.[38] The *Kelson* court determined that, "construction" means the "creation of something new, as distinguished from the repair or improvement of something already existing."[39] Therefore, Article I § 11's intended meaning refers to considerations for the health of prisoners when building new prisons, which Plaintiff fails to allege. Instead, he avers Defendants violated Article I and failed to take the health of prisoners into consideration when denying them access to medical marijuana, which is prohibited by DMMA.

17. Plaintiff's claim also fails to articulate how his rights were violated or cite to a single relevant authority to support his position. The Supreme Court of Delaware has consistently refused to consider state constitutional claims that are supported merely by conclusory assertions that fail to cite to any legal authority or offer a substantive legal argument.[40]

18. It is notable, as well, that Plaintiff's argument is contradictory. He alleges that DMMA violates his rights under Article I, § 11 yet also relies on DMMA to support his claims under the Eighth Amendment.[41] Regardless, Plaintiff's claim fails because it lacks any substantive legal argument that clarifies how the Defendants violated his rights.

### *The Delaware Medical Marijuana Act ("DMMA")*

19. Last, Plaintiff claims the provision of DMMA which excludes medical

---

[37] Del. Const. art I, § 11.
[38] *State v. Kelson*, 1990 WL 35254, at *6 (Del. Super. Mar. 20, 1990).
[39] *Id.*
[40] *Ortiz v. State*, 869 A.2d 285, 290 (Del. 2005).
[41] D.I. 6-9.

marijuana use in correctional facilities violates his rights under the Delaware Constitution. DMMA legalizes the use of medical marijuana for certain qualifying individuals and entities. Further, DMMA ensures, "[that] no person may be subject to arrest, prosecution, or denial of any right or privilege, including but not limited to civil penalty or disciplinary action by a court or occupational or professional licensing board or bureau."[42] Qualifying individuals have a valid registry identification card for the use of medical marijuana and are not in possession of an amount of marijuana that exceeds the amount permitted under the related subsections.[43]

20.     Plaintiff alleges his constitutional rights were violated by DMMA under the Delaware Constitution. The alleged constitutional harm, in a liberal reading of the Complaint, seems to stem from the fact that Plaintiff will never become a qualified person under DMMA because of this exclusion. Plaintiff, however, fails to articulate a substantive legal argument to support his claim. Again, alleged constitutional violations are not properly presented, and will not be addressed, when they fail to make a substantive legal argument.[44] In order to properly present such a claim, "a defendant must discuss and analyze one or more of the following non-exclusive criteria: 'textual language, legislative history, preexisting state law, structural differences, matters of particular state interest or local concern, state traditions, and public attitudes.'"[45] Plaintiff makes no such presentation and as such, his final constitutional claim fails.

21.     Plaintiff's Complaint is legally frivolous and it appears from the face of the Complaint that he is not entitled to relief.

22.     Accordingly, even had the Motion to Proceed *In Forma Pauperis* not

---

[42] 16 *Del. C.* § 4903A(h).
[43] *Id.*
[44] *Jenkins v. State*, 970 A.2d 154, 158 (Del. 2009).
[45] *Id.*

-10-

been **DENIED**, his Complaint is still **DISMISSED** as legally frivolous under 10 *Del. C.* § 8803(b).

      **IT SO ORDERED** this 11th day of October, 2023.

_____

Danielle J. Brennan, Judge

CC:   File&Serve
       Fatir Amir, *Pro Se*, SBI: 00137010
       Delaware Department of Justice
       Delaware Department of Corrections